**IN THE COURT OF APPEALS OF IOWA**

No. 19-1950
Filed August 19, 2020

**IN THE MATTER OF THE GUARDIANSHIP OF Z.D.,**

**LAURA MINEART and JOHN MINEART,**
    Appellants.
_____

Appeal from the Iowa District Court for Jefferson County, Joel D. Yates,

Judge.

The appellants appeal the district court's denial of their motion to intervene.

**AFFIRMED.**

Paul A. Miller of Miller Law Office, Fairfield, for appellants.

Ashley F. Charnetski of Whitfield & Eddy, P.L.C., Des Moines, for appellees.

Considered by Tabor, P.J., and May and Greer, JJ.

**MAY, Judge.**

This case concerns the guardianship of a minor child, Z.D. The child's maternal grandparents, John and Laura, appeal the district court's denial of their oral motion to intervene. We affirm.

On June 17, 2019, the Z.D.'s paternal grandmother (Christy) and paternal aunt (Hannah) filed a petition for guardianship. Both reside in Arizona. On June 19, Laura's attorney entered an appearance on behalf of Laura.

On June 26, the district court entered an order appointing temporary guardians and scheduling trial. Given the limited record before it, the court noted its hesitancy to "grant[] guardianship to out-of-state applicants," i.e. Christy and Hannah. So the court appointed John and Laura as Z.D.'s temporary guardians. But the court pointed out that "[n]o application to intervene has been filed or approved."

Fast forward to the trial on October 16. John and Laura still had not filed a motion to intervene. The guardian ad litem (GAL) pointed this out and asked the court to rule that John and Laura "are not parties . . . and, therefore, not entitled to present evidence today." The district court agreed. The court found on the record that John and Laura "will not be allowed to present any evidence; that they have not intervened; they have not sought to intervene; [and] they have not been approved to intervene in this matter." The court added "for clarification sake" that John and Laura's attorney had made an oral motion to intervene on the record during trial. But the court found "it [was] not timely and [was] not consistent or pursuant to the Rules of Civil Procedure once the record was open." On appeal, John and Laura claim the court erred in denying their oral motion.

Iowa Rule of Civil Procedure 1.407 governs interventions. *See also* Iowa Code § 633.555 (2019) ("All other pleadings and the trial of the cause shall be governed by the rules of civil procedure."). It provides, in relevant part, that "[a] person desiring to intervene shall serve a motion to intervene upon the parties. The motion shall state grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Iowa R. Civ. P. 1.407(3). The rule also requires motions to intervene to be "timely." Iowa R. Civ. P.1.407(1), (2).

Despite a reminder from the district court, John and Laura filed no motion to intervene before trial. *See In re Guardianship of Steelman*, No. 13-0846, 2014 WL 635798, at *3 (Iowa Ct. App. Feb. 19, 2014) ("Our supreme court long ago held intervention can only be by petition, and with compliance with our rules of civil procedure."); *see also In re K.N.*, No. 17-0010, 2017 WL 1278370, at *1 (Iowa Ct. App. Apr. 5, 2017). Instead, they waited until trial had begun—and then they only made an oral motion to intervene *after* the GAL raised the issue. Like the district court, we find their motion did not comply with rule 1.407. For one thing, we doubt their day-of-trial oral motion was "timely" as required by rule 1.407(1) and (2). In any event, their motion was not "accompanied by a pleading setting forth the claim or defense for which intervention is sought" as required by rule 1.407(3). So the district court was right to refuse intervention. *See In re H.N.B.*, 619 N.W.2d 340, 342 (Iowa 2000) ("Our review of a denial of a motion to intervene is for the correction of errors at law.")*; see also In re D.E.*, No. 13-0554, 2013 WL 4769378, at *2 (Iowa Ct. App. Sept. 5, 2013) (affirming the denial of an oral motion to intervene that was made in the middle of a permanency hearing; noting the trial

court "was not obligated to delay the proceedings until resolution of the motion, particularly where [the movant] had been previously advised of his lack of standing").

But John and Laura contend that denial of their motion was not in Z.D.'s best interest. This argument was not presented to the court below. So we decline to address it on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(e).

**AFFIRMED.**